María La O Solís de Alonso, Plaintiff and Appellant, *v.* Juan Esquilín et al., Defendants and Appellees.

No. 6354. Argued April 4, 1934.—Decided June 7, 1935.

*L. Muñoz Morales* and *Pedro G. Quiñones* for appellant. *M. García Cabrera* por appellees.

Mr. Justice Aldrey delivered the opinion of the court.

This appeal was taken from a judgment for the defendants in a suit for an injunction to recover the possession of a parcel of land.

The evidence shows that the plaintiff María La O Solís, widow of Alonso, was in possession, for ten years prior to the filing of her complaint, of a lot measuring 346.65 square meters in the new town of Loíza, known as Canóvanas, which

lot had been granted to her by that municipality and on which she built a house. Some time later the plaintiff bought the lot from the municipality. It was sold to her as a parcel formed by grouping lots Nos. 1 and 25 of the municipal subdivision plan. Two years later the defendant Juan Esquilín tore down the corrugated zinc and wire fence on the site corresponding to lot No. 1 and, with the other defendant, took possession of that land, over the opposition of the plaintiff and over her express protest against their building a house there, because she was the owner and possessor of that land by purchase from the municipality, recorded in the registry of property. According to the defendants, the Municipality of Loíza had just granted them lot No. 1 for building purposes. Then the complaint for an injunction to recover the possession of lot No. 1 therein described was filed.

The grounds for the judgment of the lower court were that if it should decide for the plaintiff, it would have to order the demolition of the house built by the defendants, as it could not grant the possession of the lot and leave the house standing on it; that a demolition could not be ordered in this kind of proceeding; and that it can not be determined in the proceeding whether the defendants built in bad faith in which case they would lose what they had built, according to section 371 of the Civil Code. In conclusion, it held that an injunction to recover possession is not the proper remedy in this case, and that the plaintiff must claim her lot in an ordinary action in which the question of the house may be decided.

■■ The law grants to every person deprived of the material possession of real property the right to recover it by means of the summary and special remedy of injunction. Section 690 of the Code of Civil Procedure, 1933 edition. Therefore, since the plaintiff was despoiled of the possession of lot No. 1 by the acts of the defendants over her protest, she is entitled to resort to such a proceeding, to recover the possession of which she was deprived, without the necessity

of making her claim in an ordinary action. The statute cited has no exceptions. If the defendants believe that they have any right to the house because they built it in good faith on the plaintiff's land, or if they believe that they have a right to the said lot, it is they who will have to bring an ordinary action to assert such rights as they may claim. They cannot deprive the plaintiff of the remedy granted to her by law because they have built a house on her property after having despoiled her of it.

The plaintiff does not ask that the house be destroyed and such a thing could not be ordered in this proceeding. The same applies to the question of whether they built in good or bad faith. But there is no doubt that the plaintiff has the right to recover the possession of the land of which she was deprived by the defendants, without prejudice to any right which the latter may have by reason of the erection of the building on the land which the plaintiff was despoiled. In the case of *González* v. *Rivera*, 31 P.R.R. 291, the District Court of Arecibo denied an injunction on almost the same grounds as did the lower court in this case. However, we reversed the judgment and ordered that the plaintiff be placed in possession of the land not occupied by the house built by the defendant, because it was not shown that there was such opposition to the construction of the house as to entitle the plaintiff to the return of the land which was thus actually occupied. In the instant case, the plaintiff tenaciously opposed the occupation of the lot and the building of the house.

The judgment appealed from must be reversed and another rendered instead providing that the plaintiff recover possession of all of the land of which she was deprived by the defendants, without prejudice to the rights of those who built the house, with costs.